# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| CARL A. COLLINS, | Case No. 1:21-cv-2114 |
| Plaintiff, | Judge J. Philip Calabrese |
| v. | Magistrate Judge Jonathan D. Greenberg |
| JUDGE PATRICK CARROLL, *et al.*, | |
| Defendants. | |

## OPINION AND ORDER

On November 8, 2021, *pro se* Plaintiff Carl A. Collins filed this civil rights action under 42 U.S.C. § 1983 against Judge Patrick Carroll, Chief Prosecutor Pamela Roessner, Patrolman David Francway, the Lakewood Clerk of Courts, "Lakewood, Ohio Municipal Court," and "Lakewood, City Prosecutor." Plaintiff seeks monetary relief. (ECF No. 1.)

## BACKGROUND

Plaintiff alleges that he was arrested without probable cause. He avers that law enforcement pulled him over while driving on the interstate. According to Plaintiff, the arresting officer advised Plaintiff that he was stopped because Plaintiff drove outside his lane. Apparently, the officer also ticketed Plaintiff for violating the seatbelt law. Plaintiff claims that he did not drive outside his lane and that the officer could not have observed Plaintiff's use of the seatbelt because his windows were tinted. (*Id.* at 4.)

Plaintiff also alleges that the defendants violated his speedy-trial rights. He appears to claim that he never signed a waiver of trial time, but "the court assumed" Plaintiff had waived time. He claims that he was tried more than 90 days after his arrest and that the prosecutor failed to provide evidence that he had waived his speedy-trial rights. (*Id.*)

Plaintiff seeks "the return of all funds collected in the form of fines, costs, and storage costs" for the recovery of his vehicle that was impounded. He also seeks reimbursement for lost wages or "limited privileges to operate a vehicle to use for transportation to work." (*Id.* at 5.)

## ANALYSIS

Plaintiff filed an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. The Court grants that application. Accordingly, because Plaintiff is proceeding *in forma pauperis*, his complaint is before the Court for initial screening under 28 U.S.C. § 1915(e)(2).

*Pro se* pleadings are liberally construed. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The district court, however, is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief may be granted or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989); *Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact where it

is premised on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted where it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); Fed. R. Civ. P. 8(a)(2). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

Plaintiff's complaint concerns his conviction in state court. However, Plaintiff cannot collaterally attack his criminal conviction in a civil rights action. *See Heck v. Humphrey*, 512 U.S. 477, 483 (1994). There, the Supreme Court held that to recover damages for an allegedly unconstitutional conviction or sentence, or other harm caused by actions whose alleged unlawfulness would render the conviction or any part of the sentence invalid, a plaintiff must first show that the underlying conviction has been reversed on direct appeal, expunged by executive order, or called into

question by a federal court's issuance of a writ of *habeas corpus*. *Heck*, 512 U.S. at 486–87. Therefore, an individual may not raise claims in a civil rights action if a judgment on the merits of those claims would affect the validity of his conviction or sentence unless the conviction or sentence has been set aside. *See Edwards v. Balisok*, 520 U.S. 641, 646 (1997); *Heck*, 512 U.S. at 486–87. The holding in *Heck* has been extended to actions seeking injunctive and declaratory relief. *See Edwards*, 520 U.S. at 646–48 (declaratory relief); *Wilson v. Kinkela*, 145 F.3d 1335, 1998 WL 246401, at *1 (6th Cir. 1998) (table) (extending *Heck* to actions seeking declaratory and injunctive relief).

Here, Plaintiff's claims that he was arrested without probable cause and that the court violated his speedy-trial rights necessarily imply the invalidity of his conviction in his criminal case. And there is no suggestion in his complaint that his conviction has been set aside or that his sentence has been invalidated in any of the ways articulated in *Heck*. Therefore, Plaintiff's complaint alleges no cognizable civil rights claim, and dismissal of his case is required on this ground alone. *Edwards*, 520 U.S. at 646; *Heck*, 512 U.S. at 486–87; *see also Clements v. Brimfield Twp.*, No. 1:12-cv-1180, 2012 U.S. Dist. LEXIS 162598, at *28 (N.D. Ohio Nov. 14, 2012) (finding that the plaintiff's false arrest claims would call into question the validity of his conviction and are barred by *Heck*).

For these reasons, Plaintiff fails to state a claim upon which relief can be granted.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's application to proceed *in forma pauperis* and **DISMISSES** this action pursuant to 28 U.S.C. § 1915(e). Pursuant to 28 U.S.C. § 1915(a)(3), the Court certifies that an appeal from this decision may not be taken in good faith.

**SO ORDERED.**

Dated: February 2, 2022

J. Philip Calabrese
United States District Judge
Northern District of Ohio